IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Michael Ardis,<br><br>        Plaintiff,<br><br>v.<br><br>Darlene Dickey; William Eddins; Sarah Harper-Crutchfield; Gregory Marcille; Timothy Register; Thomas Williams; Jane Does 1–10; and John Does 1–10,<br><br>        Defendants. | C/A No. 3:23-cv-1171-SAL<br><br><br>**ORDER** |

  Robert Michael Ardis ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action. This matter is before the court for review of the April 17, 2023 Report and Recommendation of Magistrate Judge Paige J. Gossett ("Report"), ECF No. 9, recommending that this case be summarily dismissed as duplicative of another action that was filed in 2020 and dismissed in January 2021. *See Ardis v. Dickey*, 3:20-cv-1335-SAL. Also pending before the court is Plaintiff's motion to amend/correct his complaint. [ECF No. 22.] Although the court grants Plaintiff's motion to amend, for the reasons that follow, the court finds this case is subject to summary dismissal and dismisses it in its entirety.

## BACKGROUND

  In 2018, Plaintiff was criminally charged with threatening a Florida state judge, and he was arrested in South Carolina and extradited to Florida as a result. As outlined in the Report, in April 2020, Plaintiff filed an action against these same Defendants in this court related to his Florida criminal charge and arrest. *See* ECF No. 9 at 1; *see also Ardis v. Dickey*, 3:20-cv-1335-SAL. The Report sets out the following summary of the nature and disposition of the 2020 action:

  Plaintiff brought that action pursuant to 42 U.S.C. § 1983, alleging violations of the

1

>Equal Protection and Due Process Clauses of the Fourteenth Amendment and asking the court to dismiss the Florida criminal charges. He argued that (1) Florida has no jurisdiction to charge him because the alleged criminal act took place in South Carolina; (2) Florida's warrant and detainer, his extradition by South Carolina authorities, and his forty-day detention in Florida, are or were invalid because he was not a "fugitive" within the meaning of the United States Constitution's Extradition Clause, art. IV, § 2; and (3) Florida's prosecution violates his First Amendment right to freedom of speech.
>
>The court summarily dismissed Plaintiff's 2020 lawsuit, concluding that the court should abstain from hearing a challenge to his Florida prosecution pursuant to *Younger v. Harris*, 401 U.S. 37, 46 (1971). The court specifically rejected Plaintiff's arguments that he could demonstrate two exceptions to *Younger* abstention, such as bad faith and harassment, based on, among other reasons, the Florida court lacking jurisdiction over his prosecution and Plaintiff's previous criminal conviction in Florida. (C/A No. 3:20-1335, ECF No. 45 at 5–6.) Following the affirmance of the court's judgment by the United States Court of Appeals for the Fourth Circuit, Plaintiff sought to reopen the case and file an amended complaint. The court denied the motion on March 14, 2023.

[ECF No. 9 at 1–2.]

After the dismissal of the 2020 lawsuit, Plaintiff initiated this action by filing another § 1983 complaint against the Defendants in March 2023. [ECF No. 1.] When the magistrate judge issued her Report in April 2023, she recommended that this matter be dismissed in its entirety as it "is nearly identical to Plaintiff's proposed amended complaint in his previous case." [ECF No. 9 at 2.] The Report identifies the commonalities between Plaintiff's 2023 complaint and the previous action from 2020:

>Plaintiff again asks the court to enjoin Florida's prosecution of him based on his legal objections to the Florida court's jurisdiction, the use of a warrant and detainer to arrest him outside of Florida, and his claim of innocence. Plaintiff again argues that *Younger* should not apply here because Florida is prosecuting him in bad faith and for the purpose of harassing him. Specifically, he claims Florida previously prosecuted him for a different crime that was overturned on appeal and he was not treated well while in custody. Plaintiff lists several defendants in the caption of the Complaint but does not provide any information about the defendants in the body of the Complaint.

*Id.* Ultimately, the magistrate judge recommended summary dismissal, finding this case

duplicative of his earlier case and noting "[t]he court . . . already considered and rejected Plaintiff's request to interfere in his Florida prosecution." *Id.* at 3. The magistrate judge deemed the instant case frivolous since "Plaintiff's new complaint does not raise any new claims, facts, or legal arguments that were not already considered in his previous case." *Id.* at 4.

On May 24, 2023, Plaintiff filed objections to the Report. [ECF No. 14.] In July 2023, Plaintiff filed an addendum to his complaint that he moved to strike two days later. [ECF Nos. 18, 19.] On October 10, 2023, Plaintiff filed a "Third Supplemental Addendum" to his complaint, which has been construed as a motion to amend. [ECF No. 22.] In the motion to amend, Plaintiff seeks to add claims of false arrest, malicious prosecution, deprivation of liberty without due process, failure to intervene in violation of Fourth and Fourteenth Amendments, and deprivation of civil rights under 42 U.S.C. § 1983. *Id.* at 5–10. He asks for compensatory and punitive damages of $2,000,000, a declaration that Defendants violated his constitutional rights, and costs and attorneys' fees, among other relief. *Id.* at 10. The issues raised in the Report, Plaintiff's objections, and the motion to amend are ripe and ready for the court's review.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P.

72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life & Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

# DISCUSSION

## I.  Motion to Amend

As an initial matter, the court addresses Plaintiff's motion to amend, ECF No. 22.  Under Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course" if he is within a certain timeframe after service.  Since the complaint has not been served in this case, the court will grant Plaintiff's motion to amend and will consider the claims raised in his initial complaint and in the addendum.

## II.  Objections to the Report

The Report recommends dismissing the complaint, ECF No. 1, because it is duplicative of Plaintiff's 2020 action.  The court has carefully reviewed the filings in this case and in Plaintiff's 2020 action.  The court agrees with the magistrate judge's reasoning and conclusion that this matter is duplicative of his 2020 action, and under 28 U.S.C. § 1915(e)(2)(B), it should be dismissed.

Plaintiff filed eight discrete objections to the Report—(1) the Report's citation to and reliance on 28 U.S.C. § 1915(e)(2)(B); (2) the Report's "state[ment] that the Defendants in this action are immune from monetary relief which is due to the Plaintiff[;]" (3) the Report's citation to and reliance on *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); (4) the finding that Plaintiff's complaint is "frivolous[;]" (5) the Report's citation to and reliance on 28 U.S.C. § 1915(g); (6) the Report's position that this case should not be served; (7) a general objection to the Report in its entirety and citation to this court's duty to conduct a de novo review of the Report; and (8) an objection to the Report in its entirety because Plaintiff "seeks to recover financial losses he has endured as a direct and proximate result of the untoward, harassing, bad faith actions of the Defendants."  [ECF No. 14 at 2–18.]  Plaintiff also elaborates on issues raised in his complaint, including arguments that the State of Florida was without jurisdiction to bring charges against

Plaintiff and that the alleged threat he made against a judge was protected free speech. *Id.* at 18–27. The court addresses these objections in turn.

    A.    **Reliance on 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff first objects to the Report's citation to and reliance on 28 U.S.C. § 1915(e)(2)(B). [ECF No. 14 at 2–4.] That provision is part of the Prison Litigation Reform Act ("PLRA"). Section 1915(e)(2) states as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> . . .
>
>     the action or appeal—
>
>         (i)    is frivolous or malicious;
>         (ii)    fails to state a claim on which relief may be granted; or
>         (iii)    seeks monetary relief against a defendant who is immune from such relief.

Plaintiff argues § 1915(e)(2)(B) "should be reconsidered and its application limited due to its potential to infringe upon the constitutional rights of indigent individuals. The broad discretion granted to Courts under this provision risks depriving indigent litigants of meaningful access to the courts and <u>conflicts</u> with the principles of <u>equal protection and due process</u>." *Id.* at 2–3 (emphasis in original). According to Plaintiff, there is the potential for disparate treatment in that § 1915(e)(2)(B) allows courts to dismiss complaints by indigent litigants for reasons that would not warrant dismissal in cases with non-indigent litigants. *Id.* at 3. Additionally, he asserts "section 1915(e)(2)(B) raises due process concerns by allowing for the potential dismissal of complaints without affording indigent litigants adequate notice and an opportunity to be heard." *Id.* He encourages the court to explore alternatives to dismissal.

Courts have upheld the constitutionality of the PLRA when considering similar challenges. Indeed, contrary to Plaintiff's foundational argument that non-indigent and indigent cases should be treated the same, the foundation of the PLRA is that such cases should not be treated the same. *Roller v. Gunn*, 107 F.3d 227, 230–31 (4th Cir. 1997) ("Congress recognized that the explosion of IFP litigation presents problems for our legal system. It was obviously concerned that the limited resources of the federal judiciary not be expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task. . . ."). In *Roller v. Dunn*, the Fourth Circuit denied an equal protection challenge to the PLRA, noting indigency is not a suspect classification, and because the PLRA amendments do not burden any fundamental rights, they are reviewed under the rational basis standard. 107 F.3d at 233. The court concluded, "The PLRA amendments easily satisfy the rational basis standard. . . . [T]he goal of the act—curbing frivolous IFP litigation—is clearly proper." *Id.* Petitioner's equal protection argument is unavailing in view of controlling case law to the contrary.

Plaintiff's due process arguments similarly lack merit, and he has offered no support for his speculation that there is the potential for a lack of notice and opportunity to be heard. There was both notice and an opportunity in this case, and Plaintiff availed himself of that opportunity. Accordingly, Plaintiff's objection to the citation and reliance on § 1915(e)(2)(B) is overruled.

  **B.**  **Statement That Defendants Are Immune From Suit**

In his second objection, Plaintiff argues the magistrate judge erred in finding "that the Defendants in this action are immune from monetary relief which is due to the Plaintiff." [ECF No. 14 at 4.] He has misconstrued the Report. The basis for the magistrate judge's recommendation is that this case is duplicative and, thus, frivolous. She did not find Defendants were immune from monetary relief; she cited the various reasons a district court may summarily

dismiss a case under § 1915(e)(2)(B), one of which is when the action "seeks monetary relief against a defendant who is immune from such relief." [ECF No. 9 at 3 (citing 28 U.S.C. § 1915(e)(2)(B).] Plaintiff's objection is overruled.

### C.     Reliance on *Weller*

Plaintiff next challenges the magistrate judge's reliance on *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). He argues "[t]he case established an unduly high standard for pro se plaintiffs to satisfy when pleading their claims, which <u>undermines the principles of access to justice, fairness, and equal protection</u>." [ECF No. 14 at 6 (emphasis in original).] However, *Weller* has not been overturned, and this court is bound by it since it is Fourth Circuit precedent. Moreover, *Weller* recognizes the *less stringent* standard to which courts hold pro se complaints. At the same time, *Weller* indicates "[t]he 'special judicial solitude' with which a district court should view such pro se complaints does not transform the court into an advocate." 901 F.2d at 391. Plaintiff misinterprets *Weller* by arguing it imposed a heightened pleading standard on pro se litigants. Accordingly, his objection is overruled.

### D.     Frivolous Complaint

In his fourth objection, Plaintiff argues the magistrate judge erred in finding his complaint "frivolous." [ECF No. 14 at 8–10.] Plaintiff argues neither ambiguities, disagreements regarding legal claims, nor Plaintiff's unfamiliarity with legal concepts render a case frivolous. *Id.* at 8–9. Again, Plaintiff misinterprets the Report. The Report deemed Plaintiff's complaint frivolous because it is duplicative of his 2020 action, not for any of the reasons offered by Plaintiff. *See* ECF No. 9 at 4. And that finding is consistent with the law. Indeed, the Fourth Circuit has stated, "Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another

one if the parties, issues and available relief do not significantly differ between the two." *Cottle v. Bell*, 229 F.3d 1142 (4th Cir. Aug. 14, 2000) (Table) (internal citations omitted). Notably, Plaintiff has not demonstrated that the original complaint filed in this case differs from his 2020 case in any material respects. Having reviewed the filings in this case and in the 2020 case, the court agrees with the magistrate judge. This case is duplicative of his earlier action. Thus, it is also frivolous. Plaintiff's objection is overruled.

### E. Reliance on 28 U.S.C. § 1915(g)

In his fifth objection, Plaintiff objects to the magistrate judge's reliance on and citation to 28 U.S.C. § 1915(g) as that particular subsection applies only to prisoners, and Plaintiff is not a prisoner. The court agrees. Consequently, the court will adopt the Report except for footnote 1.

### F. Complaint Should Not Be Served

Plaintiff next objects to the magistrate judge's position that the complaint should not be served. [ECF No. 14 at 12–14.] Plaintiff contends that his constitutional right to due process, the Federal Rules of Civil Procedure, and policy considerations support service of his complaint. *Id.* Plaintiff's arguments do not acknowledge that § 1915(e)(2) allows for the court to "dismiss the case *at any time*" if certain parameters have been met. 28 U.S.C. § 1915(e)(2) (emphasis added). The magistrate judge found Plaintiff's complaint to be frivolous to the extent it is duplicative. The court agrees. Accordingly, the court will adopt the recommendation that this case be summarily dismissed without issuance and service of process. Plaintiff's objection is overruled.

### G. General Objection to the Report

Plaintiff's seventh objection is very general. [ECF No. 14 at 14–16.] He fails to point the court to any specific error in the Report. Instead, he implores the court to perform a de novo review. The court has done so as is required by the law. Plaintiff's general objection is overruled.

*Cf. Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) ("'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).

### H.     Objection Because Plaintiff Seeks to Recover Financial Losses

In his final objection, Plaintiff again generally objects to the Report. [ECF No. 14 at 16–18.] He then argues his complaint should not be dismissed because this time he "seeks to recover financial losses he has endured as a direct and proximate result of the untoward, harassing, bad faith actions of the Defendants." *Id.* at 16. While Plaintiff attempts to differentiate his initial complaint in the instant action from his 2020 action, they are substantially similar. In 2020, Plaintiff asked for injunctive and declaratory relief. Looking at the initial complaint filed in this action, ECF No. 1, Plaintiff again primarily seeks injunctive and declaratory relief against the Defendants, but he also requests a declaration and order for attorneys' fees, costs, and attendant expenses. *See* ECF No. 1 at 52. As stated in the Report, the claims and relief Plaintiff seeks in his initial complaint are not materially distinguishable from the claims and relief sought in his 2020 action.[1] The court finds the original complaint filed in this case is duplicative of Plaintiff's 2020 action.[2] Plaintiff's objection is overruled.

---

[1] Notably, Plaintiff's amended complaint, ECF No. 22, requests different relief—damages under § 1983—than he has previously requested. The court addresses those new claims below, but this section addresses the Report and objections, which were all filed prior to the amended complaint.

[2] Even if the request for a declaration and order of reimbursement for fees and expenses was not duplicative of the earlier action, for the reasons discussed later in this order, summary dismissal would still be appropriate.

I.   **Remaining Arguments**

The remainder of Plaintiff's objections primarily go to the underlying issues in Plaintiff's case. He argues that *Younger*[3] abstention is not appropriate in his case, that Defendants lacked jurisdiction to bring charges against Plaintiff, and that the threat Plaintiff made against a judge was protected speech. Although Plaintiff asserts *Younger* abstention is not appropriate, in his complaint he asks this court to intervene in ongoing Florida state court matters. As has been explained previously to Defendant, the court cannot do so.[4] *See Ardis v. Dickey*, 3:20-cv-1335, ECF Nos. 11, 45. The court also need not address the other issues Plaintiff raises, as they have no bearing on the court's finding that Plaintiff's complaint is duplicative of his 2020 case and should be summarily dismissed for that reason.

III.   **Claims Raised in Amended Complaint**

In his amended complaint, Plaintiff raises claims of false arrest, malicious prosecution, deprivation of liberty without due process, failure to intervene, and deprivation of civil rights pursuant to 42 U.S.C. § 1983 against all Defendants. Plaintiff's amended complaint alleges the Defendants "were at all relevant times law enforcement or judicial officers employed by the State of Florida acting under color of state law." [ECF No. 22 at 3.] His amended complaint later states

---

[3] Under the *Younger* abstention doctrine, federal courts are precluded from intervening in ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

[4] Even if Plaintiff's state action has concluded, the court lacks the authority to review that state court action in this context. The *Rooker-Feldman* doctrine prohibits United States District Courts "with the exception of habeas corpus actions, from sit[ting] in direct review of state court decisions." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231 (4th Cir. 2013) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

"the defendants acted under color of state law, meaning that they were acting in their official capacity as a judge or prosecutor . . . ." *Id.* at 9. Plaintiff fails to identify which Defendants are judges and which are prosecutors in this action, but it is apparent from Plaintiff's other actions that all of the Defendants in this case are immune from suit as they are judges, prosecutors, or otherwise not state actors.

Defendants Darlene Dickey and Timothy Register are both judges. *See Ardis v. Dickey*, 3:20-cv-1335, ECF No. 1 (referring to "Judge Dickey" and "Judge Register"). As such, they are entitled to immunity from damages claims arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). But more than that, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). For that reason, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.* (citing *Pierson v. Roy*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly . . . .")). The Supreme Court has established the following limited circumstances in which judicial immunity can be overcome: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.* (internal citations omitted). Plaintiff fails to demonstrate that either of those circumstances is present as to Defendants Dickey and Register.

Defendants William Eddins, Gregory Marcille, and Thomas Williams are all prosecutors, and they are likewise entitled to immunity. *See Ardis v. Dickey*, 3:20-cv-1335, ECF No. 1 at 123 (noting Defendants Eddins, Marcille, and Williams are all "in the State Attorney's Office"). "[P]rosecutors enjoy absolute immunity for conduct 'intimately associated with the judicial phase

12

of the criminal process.'" *Lyles v. Sparks*, 79 F.3d 372, 377 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  Plaintiff attempts to bring a § 1983 suit against these Defendants because they prosecuted him for threatening a judge, but the Supreme Court has made clear "absolute immunity protects prosecutors' decisions 'whether and when to prosecute.'" *Lyles*, 79 F.3d at 377 (quoting *Imbler*, 424 U.S. at 431 n.33).

Finally, Defendant Sarah Harper-Crutchfield is Plaintiff's ex-wife, but it does not appear she is a state actor.  *See Ardis v. Dickey*, 3:20-cv-1335, ECF No. 1 at 40 (identifying "Sarah Harper" as his ex-wife).  Non-state actors are not liable under 42 U.S.C. § 1983 for violating Plaintiff's constitutional rights.  *See Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006) ("The Bill of Rights is a negative proscription on *public* action—to simply apply it to private action is to obliterate 'a fundamental fact of our political order.'  Statutory and common law, rather than the Constitution, traditionally govern relationships between private parties." (internal citation omitted)); *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341 (4th Cir. 2000) ("With few exceptions, constitutional guarantees, including those of individual liberty and equal protection, 'do not apply to the actions of private entities.'" (quoting *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991))).

As detailed above, the additional claims Plaintiff brought by way of his amended complaint are subject to summary dismissal[5]—they either "fail[] to state a claim on which relief may be

---

[5] Plaintiff has filed a practically identical lawsuit against these same Defendants in the Northern District of Florida.  *Ardis v. Dickey*, 3:23-cv-7017-MCR-HTC.  In that case, Plaintiff has been alerted to these same issues of Defendants' immunity and his failure to state a claim on which relief can be granted, and summary dismissal has been recommended there, as well.  *See Ardis v. Dickey*, 3:23-cv-7017-MCR-HTC, ECF No. 10.  However, as of the date of this order, no final order has issued.

granted" or "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, this action will be summarily dismissed in its entirety.

## IV.     Appointment of Counsel

In his objections and in his motion to amend, Plaintiff asks the court to appoint counsel. There is no right to appointment of counsel in a civil case, and discretionary appointment of counsel in such cases is warranted "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not demonstrated exceptional circumstances exist in this case. *See Hall v. Holsmith*, 340 F. App'x 944, 946 (4th Cir. 2009) ("Exceptional circumstances exist 'where a pro se litigant has a colorable claim but lacks the capacity to present it.'") (citation omitted)). Additionally, Petitioner has shown himself able to represent his interests to this point in this and other lawsuits. Accordingly, the court denies the request to appoint counsel.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court **ADOPTS** the Report, ECF No. 9, as modified in this order. The court also **GRANTS** Plaintiff's motion to amend his complaint, ECF No. 22. For the reasons discussed above and in the Report, this action is **SUMMARILY DISMISSED WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

    IT IS SO ORDERED.

October 24, 2023                                             Sherri A. Lydon
Columbia, South Carolina                           United States District Judge